UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADA COUNTY HIGHWAY DISTRICT, a body politic corporate of the State of Idaho,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK AS SUCCESSOR TO FIRST SECURITY BANK N.A., a National Association; and all unknown lessees and tenants in possession of any or all of the property which is subject to this action, and any other person or entity, who has or may have an interest in and to the property which is subject of this action, referenced for convenience by the fictitious designations of DOES 1 THROUGH 10,<br><br>　　　　Defendant. | Case No. 1:24-cv-00010-AKB<br><br>**ORDER REMANDING CASE TO STATE COURT** |

　　Having considered Defendant Wells Fargo Bank's Notice of Removal (Dkt. 1), the Court issues the following order *sua sponte*, remanding this case back to state court for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c).

## I. BACKGROUND

　　This case concerns a direct condemnation proceeding under state law. In its Verified Complaint, Plaintiff Ada County Highway District alleges it seeks to condemn a portion of land Wells Fargo owns. (Dkt. 1-2). ACHD values the land at $21,782.88 and has offered that amount to Wells Fargo as just compensation for the condemnation. (*Id.*). Wells Fargo declined the offer, and ACHD initiated this direct condemnation action in state court under Idaho's eminent domain statute, Idaho Code §§ 7-701 through 7-721. (Dkt. 1-2). ACHD served Wells Fargo on December

MEMORANDUM DECISION AND ORDER - 1

12, 2023, and Wells Fargo subsequently removed this case to federal court by timely filing its notice of removal on January 10, 2024. (Dkt. 1).

## II.  LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

A district court may remand a removed case *sua sponte* for lack of subject-matter jurisdiction.  *See Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) ("In essence, subject matter jurisdiction is the touchstone for a district court's authority to remand sua sponte."). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.  ANALYSIS

In its Notice of Removal, Wells Fargo alleges this case is removeable based on both federal question and diversity jurisdiction.  The Court concludes, however, that it lacks both federal question and diversity jurisdiction.

### A.  Federal Question Jurisdiction

Federal question jurisdiction is the original jurisdiction of district courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**MEMORANDUM DECISION AND ORDER - 2**

"The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Consequently, a defendant may not remove a case to federal court based on a federal defense to the plaintiff's claims. *See id.* at 903-04. Here, the ACHD's complaint contains no reference to federal law; rather, it only pleads a direct condemnation cause of action under Idaho law. Accordingly, there is no federal question at issue in this case based on the well-pleaded complaint rule.

Notwithstanding the lack of an express reference to federal law in the complaint, Wells Fargo contends federal question jurisdiction exists because this case involves an eminent domain proceeding and, therefore, necessarily implicates the Takings Clause of the Fifth Amendment. In support of this contention, Wells Fargo relies on *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2170 (2019).

In *Knick*, the Supreme Court addressed whether an individual who had suffered an uncompensated taking may bring a federal takings claim under the Fifth Amendment without first exhausting available state-law remedies. 139 S. Ct. at 2167. In answering that question in the affirmative, the Supreme Court held "because a taking without compensation violates the self-executing Fifth Amendment at the time of the taking, the property owner can bring a federal suit at that time." *Id.* at 2172. Thus, an individual need not exhaust eminent domain proceedings in state court prior to filing suit in federal court because "[t]he Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner." *Id.* at 2170.

MEMORANDUM DECISION AND ORDER - 3

The Court disagrees *Knick* supports the existence of federal question jurisdiction in this case, however. *Knick* only addressed whether a plaintiff could bypass state inverse condemnation proceedings and bring a section 1983 takings claim in federal court. It did not resolve the issue here—whether a direct condemnation proceeding could be removed to federal court. In fact, *Knick* explicitly limited its holding to "federal court takings claims that otherwise would have been brought as inverse condemnation suits in state court." 139 S. Ct. at 2179. In addition, courts addressing whether *Knick* authorizes the removal of state eminent domain proceedings have concluded it does not. *See Fore Stars v. City of Las Vegas*, 488 F. Supp. 3d 982, 988 (D. Nev. 2020) ("*Knick* neither granted defendants in pending state eminent-domain actions the power to remove to federal court nor converted all state eminent-domain actions into federal claims."); *City of Jamaica Beach v. Williams*, 2020 WL 6120469, at *3 (S.D. Tex. Sept. 29, 2020) ("Both before and after *Knick*, a defendant cannot remove an eminent domain case filed in state court to federal court.").

Moreover, even if *Knick* did permit the removal of direct condemnation actions, Wells Fargo's claim would be premature. *Knick*'s reasoning stressed a federal takings claim only accrues once a taking has occurred. *See Knick*, 139 S. Ct. at 2170 ("The Fifth Amendment right to full compensation arises *at the time* of the taking . . . ." (emphasis added)). Indeed, "the act of taking is the event which gives rise to the claim for compensation." *Id.* (internal quotation marks and citation omitted). For this reason, Wells Fargo's claim is not ripe. Although the ACHD initiated an eminent domain proceeding, no taking has yet occurred. In fact, Idaho's eminent domain laws do not permit the condemnation of property until *after* there has been a determination and award of just compensation. *See, e.g.*, Idaho Code § 7-721. Thus, the Court concludes Wells Fargo has no federal takings claim, and there is no federal question in this lawsuit.

**MEMORANDUM DECISION AND ORDER - 4**

### B. Diversity Jurisdiction

The Court also concludes there is no diversity jurisdiction in this case because the amount in controversy requirement is not satisfied. "For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (internal quotation marks and citations omitted). "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). "'[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled,' the removing defendant must establish by a preponderance of the evidence that the amount in controversy 'more likely than not' exceeds $75,000." *Garcia v. Jaguar Land Rover N. Am., LLC*, 2023 WL 7021158, at *1 (C.D. Cal. Sept. 29, 2023) (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)).

Here, the complaint unambiguously indicates the amount in controversy is below the statutory requirement because it only alleges the land at issue is worth $21,782.88. (Dkt. 1-2, ¶ 15). Although Wells Fargo argues the amount in controversy is actually over $160,000 (Dkt. 1 ¶ 13), the Court need not look beyond the face of the complaint which clearly states the amount in controversy. Accordingly, the Court concludes it does not have diversity jurisdiction.

### IV. ORDER

**IT IS ORDERED that:**

1. This case is **REMANDED** back to the District Court of the Fourth Judicial District of the State of Idaho, in Ada County.

2. The Clerk of the Court shall mail a certified copy of this order to the clerk for the District Court of the Fourth Judicial District of the State of Idaho, in Ada County. *See* 28 U.S.C.

§ 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.").

DATED: January 23, 2024

*Amanda K. Brailsford*

**Amanda K. Brailsford**
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**